IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| FAMILY TRUST SERVICES LLC, STEVEN REIGLE, REGAL HOMES CO., BILLY GREGORY, and JOHN SHERROD, on behalf of themselves and those similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>JULIE COONE, NATIONWIDE INVESTMENTS LLC, and MERDAN IBRAHIM,<br><br>    Defendants. | Case No. 3:18-cv-00859<br><br>Judge Richardson<br><br>Mag. J. Holmes<br><br>Jury Demand |

## SUPPLEMENTAL RESPONSE TO MOTION TO SHOW CAUSE

    The plaintiffs, Family Trust Services LLC, Steven Reigle, Regal Homes Co., Billy Gregory, and John Sherrod, together with putative intervenor Carl Chambers, and non-party respondents Eugene Bulso and Paul Krog (collectively "Respondents"), respectfully state as follows in further response to the Motion to Show Cause filed by non-party Charles Walker:

    1. Mr. Walker filed this motion on September 13, 2018, insisting that the Respondents had contemptuously violated the injunction flowing from the discharge supposedly granted him in the Chapter 11 case *In re Walker*, No. 3:16-bk-3304.

    2. As the Respondents pointed out in response, however, Mr. Walker has never in fact obtained a discharge in that case. (*See* Dkt. 8 at 10–11.)

3. Mr. Walker has apparently subsequently come to the same conclusion. On November 15, 2018, he filed a "Motion to Reopen Administratively Closed Individual Chapter 11 Case and Directing Entry of Discharge and Final Decree" in the bankruptcy proceeding. (Ex. 1.)

4. Mr. Walker's Motion to Reopen, in which he seeks a discharge, should squarely estop him from prevailing on the Motion to Show Cause predicated on the inconsistent premise that he had a discharge already. Regardless of whether or not Mr. Walker in fact obtains a discharge order in the bankruptcy proceeding, he has played fast and loose with the most basic prerequisite of his show-cause motion. *Cf.* ***Gen. Conf. Corp. of Seventh-Day Adventists v. McGill***, 617 F.3d 402, 414 (6th Cir. 2010) ("Although there is no set formula for assessing when judicial estoppel should apply, it is well-established that at a minimum, a party's later position must be clearly inconsistent with its earlier position for judicial estoppel to apply."). Were Mr. Walker to obtain a ruling here that he had previously received a discharge, while simultaneously asking the Bankruptcy Court to give him one in the first instance, the incongruity would impinge upon the integrity of the judicial process. *Cf.* ***New Hampshire v. Maine***, 532 U.S. 742, 749 (2001) ("[Judicial estoppel's] purpose is 'to protect the integrity of the judicial process.'").

5. Thus, the Court should peremptorily deny that portion of the Motion to Show Cause predicated on a violation of the discharge injunction. It should do so on the bases set out in Respondents' initial response, but also on account of Mr. Walker's subsequent application to the Bankruptcy Court taking a position entirely at

{00125698.DOCX / ver:2 }　　　　　　　　　　　　　　-2-
Case 3:18-cv-00859   Document 19   Filed 12/04/18   Page 2 of 4 PageID #: 1273

odds with his position here concerning the existence of a discharge. Whether it does so on account of judicial estoppel, waiver, or simply because Mr. Walker's Bankruptcy Filings further elucidate how and why he has not actually been discharged is of no moment.

>
> Respectfully submitted:
>
> LEADER, BULSO & NOLAN, PLC
>
>
> By: s/ Paul J. Krog
> Eugene N. Bulso, Jr. (No. 12005)
> Paul J. Krog (No. 29263)
> 414 Union Street, Suite 1740
> Nashville, Tennessee 37219
> gbulso@leaderbulso.com
> pkrog@leaderbulso.com
> Tel.: (615) 780-4110
> Fax: (615) 780-4118
> *Attorneys for Family Trust Services LLC, Steven Reigle, Regal Homes Co., Billy Gregory, John Sherrod, and Carl Chambers*

## CERTIFICATE OF SERVICE

I certify that the foregoing was filed via the Court's ECF system, which is expected to deliver a copy to the following, on this, the 4th day of December, 2018:

Patrick Newsom
Paul Bruno
Bruno|Newsom PLLC
40 Music Square E.
Nashville, TN 37203
615-251-9500
615-345-4188
patrick@brunonewsom.com
*Counsel for Defendant Nationwide Investments LLC*

Charles Walker
Woodbine Legal PC
69 Thompson Lane
Nashville, TN 37211
615-367-5111
615-383-1154
charles@woodbinelegal.com

Robert R Laser III
625 Main Street
Suite 206
Nashville, TN 37206
615-669-5468
rob@laserlawfirm.com
*Counsel for Defendants Merdan Ibrahim and Julie Coone*

 

                                                  s/ Paul J. Krog
                                                  Paul J. Krog